UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

MARVIN L. THIEMER and JUDY THIEMER,

        Plaintiffs,

v.

SPEEDWAY, LLC,

        Defendant,

and

ANTHEM BLUE CROSS BLUE SHIELD,

        Subrogated Defendant.

Case No.: _____

Removed From:
Milwaukee County Circuit Court
Case No. 25CV5942

---

**NOTICE OF REMOVAL**

---

TO:    THE JUDGES AND CLERKS OF THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF WISCONSIN

    Defendant, Speedway LLC (hereinafter, "Speedway"), improperly identified as Speedway, LLC in Plaintiffs' Complaint, hereby removes this civil action from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, under 28 U.S.C. §§ 1332(a), 1367, 1441 and 1446. This Court has original jurisdiction because there is complete diversity between the Defendant, Speedway, and the Plaintiffs/Subrogated Party, Marvin L. Thiemer, Judy Thiemer, and Anthem Blue Cross Blue Shield, and the amount in controversy to Mr. Thiemer's claims exceeds $75,000 exclusive of interest and costs. The claim by Ms. Thiemer, as well as a potential subrogation claim by Anthem Blue Cross Blue Shield, are "so related" to Mr. Thiemer's claim such that "they form part of the same case or controversy…" 28 U.S.C. § 1367. As and for a short and plain statement of the grounds for removal of this case, Speedway states:

1

## I.  BACKGROUND

Plaintiffs filed this lawsuit in the Circuit Court of Milwaukee County, Wisconsin, on July 11, 2025. *See generally,* Ex. A, Doc. 3, Summons & Complaint. The matter is pending as Case No. 2025CV005942. *Id.* Plaintiffs, Marvin L. Thiemer and Judy Thiemer (collectively, the "Thiemers") allege that, on July 12, 2022, Mr. Thiemer fell in the Speedway store located at 6265 Pennsylvania Avenue, Cudahy, Wisconsin 53110. *Id.* at ¶¶ 7, 8. The fall allegedly occurred when Speedway's employee was using a dolly to move product and collided with Mr. Thiemer. *Id.* at ¶ 8. The Thiemers claim Speedway's employee was negligent and Speedway is liable under the doctrine of respondeat superior. *Id.* at ¶ 9. Mr. Thiemer claims to have "suffered or incurred pain, suffering, disability, emotional distress, anxiety, embarrassment, loss of enjoyment of life, and expenses of medical care and treatment and will continue to suffer the same in the future." *Id.* at ¶ 11. Ms. Thiemer claims that she was "deprived of consortium, society and companionship, and household services, and provided home nursing care and treatment to [Mr. Thiemer]." *Id.* at ¶ 12.

No demand or medical bills concerning Plaintiffs' damages were conveyed to Speedway prior to the filing of the above case. Declaration of Jason P. Gehring, at ¶ 3. The tort-based complaint also did not contain an amount in controversy. *Id. See also* Wis. Stat. § 802.02(1m); Ex. A, Doc. 3, Summons and Complaint. On September 5, 2025, Speedway electronically filed an Answer to the Complaint. Declaration of Jason P. Gehring, at ¶ 4; Ex. A, Doc. 8, Answer and Affirmative Defenses to Plaintiff's Complaint.

On March 2, 2026, Speedway served discovery on Plaintiffs and included interrogatories and requests for production of documents pertaining to Plaintiffs' alleged damages. Declaration of Jason P. Gehring, at ¶ 5. Plaintiffs responded to the discovery requests on April 15, 2026, but those responses did not include their alleged medical expenses or other information itemizing their alleged damages. *Id.* at ¶ 6. The Milwaukee County Circuit Court set and held a Scheduling

2

Conference on June 25, 2026. *Id.* at ¶ 9. Plaintiff did not file a Scheduling Conference Data Sheet a week prior to the scheduling conference, which would have included an itemization. *See* Ex. A, Milwaukee County Circuit Court Record.

On June 23, 2026, Plaintiffs produced documents in response to Speedway's request for production of documents, which included for the first time Mr. Thiemer's medical records and an itemization of claimed medical bills totaling $173,090.52. Declaration of Jason P. Gehring, at *¶8.* Prior to June 23, 2026, Speedway was unaware that the amount in controversy exceeded $75,000 as Plaintiffs had not made a demand and did not provide Speedway with an itemization of claimed damages exceeding $75,000. *Id.* at ¶9.

## II. GROUNDS FOR REMOVAL

A civil action brought in state court may be removed to federal court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions in which there is complete diversity between plaintiffs and defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *LM Ins. Corp. v. Spaulding Enters., Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). When a district court has original jurisdiction over a claim, it also has supplemental jurisdiction over claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

### A. The parties are completely diverse.

The citizenship of a limited liability company is determined by the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2012); *Waymar Med. Elecs., Inc. v. Am. Med. Elecs., Inc.*, 786 F. Supp. 754, 755 (E.D. Wis. 1992). For the purposes of diversity jurisdiction, a corporation is a citizen of the state by which it has been incorporated as

3

well as the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Waymar*, 786 F. Supp. at 755.

Speedway is wholly owned by SEI Holdings LLC, a Delaware LLC ("Holdings"). *See* Corporate Disclosure Statement of Speedway LLC, filed herewith. Holdings is wholly owned by 7-Eleven, Inc., a Texas corporation with its principal place of business in Texas. *Id.* Because Holdings is the sole member of Speedway, which in turn is wholly owned by 7-Eleven, Inc., a Texas corporation headquartered in Irving, Texas, Speedway is a citizen of Texas for purposes of determining whether diversity jurisdiction exists. *Wise*, 450 F.3d at 267.

The Thiemers are residents of Wisconsin and are Wisconsin citizens for purposes of diversity jurisdiction. *See* Ex. A, Doc. 3, Summons and Complaint, at ¶¶ 1, 2.

Subrogated Party Anthem Blue Cross Blue Shield is a domestic insurance company with its principal office located in Waukesha, Wisconsin. Gehring Dec., at ¶ 10, Ex. B, National Association of Insurance Commissioners Corporate Records for Blue Cross Blue Shield of Wisconsin. Accordingly, Anthem is a citizen of Wisconsin.

Speedway is completely diverse from the Plaintiffs and the Subrogated Party. Therefore, the parties have complete diversity.

### B. The amount in controversy related to Mr. Thiemer's claim exceeds $75,000.

When a complaint lacks a request for specific damages, removal is proper when it is established to a "reasonable probability" that the amount in controversy exceeds $75,000, which is measured by what the plaintiff hopes to receive from the litigation. *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815–16 (7th Cir. 2006). A removing defendant "may rely on the complaint's allegations, the plaintiff's informal estimates, affidavits from employees or experts, or other sources." *Schutte v. Ciox Health, LLC*, 28 f.4th 850, 854 (7th Cir. 2022). Those methods are not exclusive. *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 580 (7th Cir. 2017). The

4

demonstration may be made from either side's viewpoints (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant). *Id*.

Here, the amount in controversy relative to Mr. Thiemer exceeds $75,000. Mr. Thiemer's itemization of damages, which was produced in discovery as his claimed medical bills, totaled $173,090.52. Gehring Dec., at ¶ 7. When considering the claimed medical expenses, the amount in controversy satisfies the $75,000 threshold.

**C.      The District Court has supplemental jurisdiction over any remaining claims.**

The Thiemers do not break down how each party should be compensated based on their claims. *See generally*, Ex. A, Summons and Complaint. However, the Court is not required to do so at this stage. When some, but not all, the plaintiffs allege a sufficient amount in controversy, the requirements of supplemental jurisdiction are satisfied subject to the enumerated exceptions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566–67 (2005).

Ms. Thiemer's loss of consortium claim is so intertwined with Mr. Thiemer's claim that supplemental jurisdiction must be exercised here. 28 U.S.C. § 1367. The same is true with regard to the possible claim by Anthem, which relates to the allegation that Anthem provided health insurance benefits on behalf of Plaintiffs and may claim to be subrogated to Plaintiffs' rights. Ex. A, Summon and Complaint, at ¶ 5.

### III.      REMOVAL IS TIMELY

This Notice of Removal is timely because the state court lawsuit was filed less than one year ago and the Notice is filed within 30 days after receipt of Mr. Thiemer's claimed medical expenses on June 23, 2026, which first put Speedway on notice that the amount in controversy exceeded $75,000. 28 U.S.C. § 1446(b); Gehring Dec., Ex. A, Milwaukee Circuit Court Records; see also, Gehring Dec., at ¶¶ 7, 8.

## IV.    VENUE IS PROPER

This Court is the United District Court for the district and division embracing the place where the removed action was pending. *See* 28 U.S.C. § 1441(a). Venue is proper.

## V.    NOTICE TO STATE COURT AND TRANSFER OF RELEVANT MATERIALS.

Speedway is serving this Notice of Removal on Plaintiffs today and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Milwaukee County, Wisconsin. 28 U.S.C. § 1446(d). Copies of all process, pleadings, and orders served upon Speedway in the State court litigation are attached as Exhibit A. 28 U.S.C. § 1446(a).

## A TWELVE (12) PERSON JURY IS HEREBY DEMANDED.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2026.

<div style="margin-left:40%">

*s/Jason P. Gehring*
Jason P. Gehring
State Bar No. 1061084
Attorneys for Defendant, Speedway LLC
Kasdorf, Lewis & Swietlik, S.C.
One Park Plaza, Suite 500
11270 West Park Place
Milwaukee, WI 53224
Telephone: (414) 577-4000
Fax: (414) 577-4400
E-mail: jgehring@kasdorf.com

</div>

6